UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TIFFANY HAYNES and
JUSTIN L. HAYNES,

                    Plaintiffs,                        Civil Action No.

          - against -                    **COMPLAINT**

THE CITY OF NEW YORK, CLUTCH TOWING,
INC., and MOHAMMED HASSAN, Individually,

                            **Jury Trial Demanded**

                  Defendants.
-------------------------------------------------------------------------X

Plaintiffs Tiffany Haynes and Justin L. Haynes (collectively, "Plaintiffs"), by their

attorneys, bring this Complaint against Defendants the City of New York ("the City"), Clutch

Towing, Inc. ("Clutch Towing"), and Mohammed Hassan, individually ("Hassan"), (collectively,

"Defendants"), and allege as follows:

## NATURE OF THIS ACTION

1.      Plaintiffs bring this action seeking a declaratory judgment, compensatory and

punitive damages, costs, and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988, as redress

for the deprivation of their rights secured by the Fourth, Fifth, and Fourteenth Amendments to

the United States Constitution, arising from Defendants' warrantless seizure and continued

detention of their motor vehicle.

2.      Defendants have violated (a) the plaintiffs' right against unreasonable seizures, as

is protected under the Fourth Amendment, and (b) the plaintiffs' right to be protected against

deprivations of their property, without due process, as protected under the Fifth and Fourteenth

Amendments.

3. The City of New York has created and maintains a Rotation Tow Program, "ROTOW," pursuant to Section §2-372 of the New York City Code.

4. Under its ROTOW program, the City authorizes New York City Police Department (NYPD) employees and private companies, including defendant Clutch Towing, to make warrantless seizures of motor vehicles they unilaterally deem to be "abandoned," despite being lawfully parked on a street in New York.

5. On September 4, 2025, the plaintiff, Justin L. Haynes, was the titled (and registered) owner of a 2011 Ford Taurus motor vehicle, which was registered in Pennsylvania and which was parked on a street near their home.

6. Under its ROTOW program, the City has authorized Clutch Towing to seize motor vehicles without warrants, without permission from the owners of such vehicles, and without providing the owner with any type of notice: (a) that their vehicle has been seized at the direction of a City employee, (b) the identity of whom is then in possession of their vehicle, nor (c) where they have taken it.

7. The City has additionally authorized Clutch Towing to then deprive owners of their vehicles on a continuing basis, unless and until the owners pay excessive monies to Clutch Towing, which Clutch Towing unilaterally claims to be for towing and storage charges, thereby asserting *de facto ex parte* liens against the vehicles.

8. While the City adopted Section §2-368 of the City Code to set limits upon how much Clutch Towing can charge for the Towing and Storage of such vehicles ($125 for a tow and $25-$27 per day for storage), Clutch Towing has been retaining possession of vehicles under the authority granted it by the City, but demanding excessive payments from vehicle owners as a condition precedent to releasing their vehicles.

2

9. Clutch Towing demands as much as $250-$350 per day for storage, refuses to accept payments by credit card, and refuses to provide receipts for such payments because they know they are not legally permitted to charge such amounts.

10. When vehicle owners go to Clutch Towing to secure the release of their vehicles, Clutch Towing intentionally delays the release of vehicles to increase the storage charges by: (a) falsely advising vehicle owners that their vehicle is not at that location (despite the fact that the owner can see their vehicle sitting in their lot),  (b) telling vehicle owners that the "office is closed," or (c) that the person who knows how much the fees are is not in the office, so the owner has to come back on another day.

11. The City is affirmatively aware of these practices on the part of Clutch Towing, and has acted with deliberate indifference to the clear violations of the U.S. Constitutional rights of vehicle owners, whose vehicles have been seized and detained by Clutch Towing, by virtue of the authority which the City vested in Clutch.

12. Clutch Towing's practices, and the City's failure to stop them, have been widely reported in the media, including one or more television news stations, the press, and on multiple sites on the internet.

13. Annexed hereto, and made part of this complaint as Exhibit "A" is a copy of a news article from CBS News in New York.

14. Upon information and belief, the City has received hundreds of complaints explicitly describing Clutch Towing's practices, and still, the City has failed to remedy them.

15. Upon information and belief, in 2025 alone, the New York City 311 system received eighty-six (86) complaints about Clutch Towing - the highest for any tow operator in the entire City of New York.

3

16.    Notwithstanding the City having actual knowledge of these practices being carried out by Clutch Towing under the authority given to Clutch Towing by the City, the City has continuously and systematically failed to prevent the clear and systematic violations of vehicle owners' rights to Due Process, as further described hereinbelow.

17.    The City has continuously failed to implement any procedure to stop the persistent U.S. Constitutional violations from continuing.

18.    Such failure on the part of the City constitutes deliberate indifference to the rights of vehicle owners, inclusive of the plaintiffs therein.

19.    In precisely the same manner through which Clutch Towing has extorted hundreds of vehicle owners of excessive fees to secure the release of their vehicles, Clutch Towing extorted from Plaintiff Tiffany Haynes a significantly higher amount than the maximum amount Clutch Towing was lawfully permitted to charge under the City Code, and Clutch Towing refused to release Plaintiffs' vehicle unless and until she paid same.

## JURISDICTION AND VENUE

20.    Plaintiffs bring this civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation of Plaintiffs' rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

21.    Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C.§1983.

22.    Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action arises under the Constitution and laws of the United States.

23.     Supplemental jurisdiction is conferred on this Court by 28 U.S.C. §1367 for an interrelated state law claim, because such state law claim has arisen from the same common nucleus of operative fact.

24.     Venue lies in the Court pursuant to 28 U.S.C. §1391, because the plaintiffs reside in, and the actions taken by the defendants occurred in, the Eastern District of New York.

## THE PARTIES

25.     The Plaintiffs, Justin L. Haynes ("Mr. Haynes") and Tiffany Haynes ("Ms. Haynes"), are individuals who reside in Brooklyn, New York. At all times described herein, Mr. Haynes was, and remains, the owner of a 2011 Ford Taurus (the "Vehicle"), which was seized and detained by the City and Clutch Towing without a warrant or any exception to the warrant requirement.

26.     Upon information and belief, the defendant, the City of New York, is a municipal corporation organized and operating under New York State law.

27.     Upon information and belief, Defendant Clutch Towing, Inc. (hereinafter "Clutch Towing"), is a domestic corporation organized and existing under the laws of the State of New York and operating as a business engaged in the towing and storage of motor vehicles, with a principal place of business located at 504 Remsen Avenue, Brooklyn, NY 11236.

28.     Upon information and belief, Defendant Mohammed Hassan (hereinafter "Hassan") is an individual residing in the State of New York, and is the CEO and owner of Defendant Clutch Towing, and is the person responsible for setting policies and practices of Clutch Towing.

**FACTS COMMON TO ALL COUNTS**
**NEW YORK CITY'S ROTOW PROGRAM**

29.    At all times described herein, the City of New York maintained a Rotation Tow Program ("ROTOW) pursuant to New York City Code §2-372 et seq.

30.    The ROTOW Program is an official New York City program under which the defendants carry out policies, practices and procedures through which the defendants: (a) unilaterally deem motor vehicles found parked within the City to be "abandoned," (b) seize them without warrants, and then (c) deprive the owners of such vehicles with the use and possession of same, under demand that the owners pay Clutch Towing excessive sums of monies to secure the release of their vehicles.

31.    In directing and/or authorizing such warrantless seizures of motor vehicles, the City does not afford the owners of such vehicles any pre-seizure notice of seizure.

32.    In directing and/or authorizing such warrantless seizures of motor vehicles, neither the City, nor the other defendants, afford the owners of such vehicles any pre-seizure or post-seizure hearing at which the vehicle owner can challenge: (a) the initial warrantless seizure of their motor vehicle; (b) the tow company's right to thereafter deprive the owner of the use and possession of their vehicle on a continuing basis; nor (c) the amounts which Clutch Towing unilaterally demands the vehicle owners pay to Clutch Towing, in the absence of which, Clutch Towing refuses to release their vehicles.

33.    In practice, the City authorizes and empowers defendant Clutch Towing to impose illegal *ex parte* liens against seized vehicles without any pre-seizure or post-seizure hearing at which the vehicle owners are afforded an opportunity to challenge the detention of such vehicles.

34.    As a ROTOW vendor that the City has authorized to make warrantless seizures of motor vehicles, Clutch Towing routinely engages in practices deliberately designed to delay the

6

release of lawfully owned vehicles in order to accumulate additional storage fees.

35.    Specific practices which are routinely, systematically, and repeatedly employed by Clutch Towing to delay the release of vehicles seized under the City's ROTOW program include, but are not limited to:

(a)    pretending to be closed, even during posted business hours when vehicle owners physically go to Clutch Towing's yard to retrieve their vehicles;

(b)    advising owners that the person "in charge of releasing vehicle is not there, so they have to come back another day to retrieve their vehicle;"

(c)    falsely advising vehicle owners that their vehicle is not at that location, or is not currently accessible, even in cases when the owners can clearly see their vehicle at that location, and that it is accessible.

### **Defendants Seized and Detained the Plaintiffs' Vehicle**

36.    On September 4, 2025, plaintiff, Justin Haynes, was the titled and registered owner of a 2011 Ford Taurus motor vehicle.

37.    In accord with the defendants' policies, practices, and procedures described herein above, on or about September 4, 2025, the NYPD authorized Clutch Towing to seize Plaintiffs' vehicle from the street for having an expired registration.

38.    In making such a warrantless seizure of their car, neither of the defendants provided either plaintiff with any pre-seizure notice or hearing of any kind.

39.    Ms. Haynes only found out that Clutch Towing had seized their car when she called the NYPD to inquire about their knowledge of her missing vehicle.

40.    On the following day, Plaintiff, Ms. Haynes, went to Defendant Clutch Towing to recover the vehicle.

41.    Defendant Clutch Towing demanded payment in excess of $700 but refused to provide an itemized receipt or breakdown of the charges, and refused to release the vehicle to her unless she paid such amount.

42.    Under protest and in order to recover their vehicle, Plaintiffs paid $700 in cash (for 16 hours of storage). Clutch Towing forced Plaintiff Ms. Haynes to sign papers, refused to disclose to her what she was signing, and produced a receipt falsely stating that the Plaintiff requested the tow from Clutch.

### Under Authority Granted to it by New York City, Clutch Towing Imposed an *Ex Parte* Lien on the Plaintiffs' Vehicle

43.    By demanding payment as a condition for releasing the Vehicle to enforce payment of such sums, Clutch Towing imposed a *de facto ex parte* lien against the plaintiffs' vehicle.

44.    Clutch Towing threatened to sell the Vehicle unless the Plaintiffs complied with its demands and paid the sums it demanded.

45.    Said demands constituted the assertion of a *de facto* possessory lien in the Vehicle superior to Plaintiff Mr. Haynes's ownership rights, the assertion and imposition of which constituted a deprivation of his property rights in the vehicle, without due process of law.

### New York City and Clutch Towing Detained Plaintiffs' Property

46.    New York City and Clutch Towing worked in concert to seize and detain the Vehicle by imposing a condition of payment for release.

47.    Clutch Towing would not release the Vehicle to Plaintiff Ms. Haynes unless she paid all sums of money demanded by Clutch Towing, including a $700 fee, significantly more than statutorily allowed. Clutch Towing detained the Vehicle in violation of the ROTOW statute.

48.     The City's and Clutch Towing's initial towing and detention of the Vehicle constituted a meaningful interference with Plaintiffs' use, possessory, and ownership interests in the Vehicle, which seizure was effectuated without a warrant or valid exception to the warrant requirement.

### Clutch Towing and Hassan's Involvement

49.     During the aforementioned incidents, Mohammed Hassan was the principal of Clutch Towing, who owned and controlled same, and who created, implemented and maintained Clutch Towing's practices, including its practices described herein.

50.     Such regular practices include imposing an *ex parte* lien for towing and storage on a seized vehicle, charging more than statutorily permitted, retaining vehicles to increase storage costs, and failing to provide any process for a hearing regarding the City's and Clutch Towing's detention of the vehicle.

51.     Clutch Towing towed and possessed the Vehicle solely by virtue of its contract with the City. Clutch Towing detained the Vehicle as a joint participant with the City and, therefore, acted under color of law when it seized and detained the Plaintiffs' property.

### The Defendants Have Failed to
### Institute a Procedure for Judicial Review

52.     Both before and after seizing the Vehicle, none of the defendants undertook any action whatsoever to secure judicial review of the seizure and continued retention of Plaintiffs' vehicle.

53.     Prior to imposing a lien for charges against the Vehicle, none of the Defendants had provided any hearing before an impartial decision-maker, with adequate notice, whereby Plaintiffs could protect their interests in recovering the Vehicle and avoid storage charges accruing *in futuram*.

54.    What notice was provided by the Defendants, if any, was constitutionally inadequate for due process purposes.

## EACH OF THE DEFENDANTS IS A "PERSON" WHO ACTED UNDER COLOR OF STATE LAW

### Defendants Clutch Towing and Hassan

55.    Defendants Clutch Towing and Hassan are also persons acting under color of state law because there is a sufficiently close nexus between the City of New York and the challenged actions of Clutch Towing, so that the actions of Clutch Towing may fairly be treated as those of the City of New York.

56.    Clutch Towing towed the Plaintiffs' vehicle, stored it, deprived the Plaintiffs of their vehicle on a continuing basis, extorted monies for such towing and storage despite the fact that the owner of such vehicle did not request any such services.

57.    In carrying out these activities, both Clutch Towing and Hassan acted pursuant to the coercive police power of the New York City Police Department, and were controlled by same.

58.    Both Clutch Towing and Hassan were willful participants in these joint activities with the New York City Police Department, their functions were entwined with the City's seizure and vehicle retention policies, and Clutch Towing and Hassan were delegated public functions by the New York City Police Department in physically seizing, taking possession of, and disposing of the Plaintiffs' vehicle.

59.    As the principal of Defendant Clutch Towing, Defendant Hassan set the policies, practices, and procedures of Defendant Clutch Towing, personally signed the agreement with the City to have Clutch Towing carry out the unconstitutional policies, practices, and procedures

10

jointly with New York City, and directed and/or caused Clutch Towing and its employees to carry out such unconstitutional policies, practices, and procedures.

**THE CITY IS A "PERSON" LIABLE TO PLAINTIFFS UNDER 42 U.S.C. § 1983 BECAUSE THE DEFENDANTS' ACTIONS WERE UNDERTAKEN PURSUANT TO POLICY AND/OR CUSTOM**

60. At all relevant times mentioned herein, Defendant, the City, pursuant to New York State Law, created the policies under which the ROTOW program was to be applied and enforced.

61. Pursuant to 42 U.S.C. §1983, a municipality may be held liable for constitutional violations committed by its employees where the policies or customs sanctioned by the municipality were "the moving force of the constitutional violation." Everett v. Eastchester Police Dep't, 69 N.Y.S.3d 95, 96–97 (2018), quoting (Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 (2018)).

62. The City is clothed with the authority to make official government policies and laws on its own behalf.

63. As such, the wrongful actions of the Defendants herein with respect to the Vehicle represent the City's official governmental policy.

64. Because the actions of the Defendants as set forth above constituted the City's official policy, the City is a "person" liable for Defendants' wrongful actions within the purview of 42 U.S.C. §1983.

**Monell Liability**

65. The City of New York is well aware of Clutch Towing's widespread, continuous, and ongoing Unconstitutional practices, but has wholly failed to implement any procedures to bring an end to same, nor to prevent Clutch Towing from continuing same.

66.     Upon information and belief, the City has received hundreds of complaints from vehicle owners regarding Clutch Towing's precise practices described herein, with eighty-six (86) of such complaints having been received by the City in 2025 alone.

67.     Clutch Towing's practices under the City's ROTOW program have been widely reported in the press (*See* Exhibit "A"), and are widely discussed and published across the most commonly used social media platforms.

68.     The Better Business Bureau (BBB) maintains a public website upon which reports of Clutch Towing's overcharging vehicle owners have been published for years. *See* Exhibit "B."

69.     But still, the City has not removed Clutch Towing's authority to seize vehicles on behalf of the City, has not implemented any procedures to prevent Clutch Towing's unlawful and Unconstitutional practices from continuing.

70.     Nor has the City implemented any procedure for any agency or employee of the City to supervise Clutch Towing's activities under the City's ROTOW program to bring an end to the practices described herein.

71.     Faced with the well-known and clearly established pattern of misconduct by Clutch Towing, the City's failure to implement procedures or to assert supervision over Clutch Towing to end that misconduct constitutes deliberate indifference to the rights of vehicle owners, including the plaintiffs herein, whose vehicles are seized by Clutch Towing under the City's ROTOW program and who are victimized by Clutch Towing's practices.

72.     Other than "looking to take action" against Clutch Towing and token measures undertaken by the City, which did not even remotely end Clutch Towing's unlawful practices, the City has done nothing meaningful to prevent the ongoing Constitutional violations being carried out under its authority, thereby constituting the City's tacit approval of such practices.

73.    Annexed to, and made part of this complaint as Exhibit "C" hereto, is a communication from the New York City Department of Consumer and Worker Protections dated September 2, 2025, advising one of Clutch Towing's victims that they were "looking to take action against Clutch Towing," even though the City has been aware of Clutch Towing's practices for years.

74.    The City's policy of inaction, in the face of the overwhelming notice that its authorized tow vendor is systematically violating vehicle owners' rights by abusing the authority granted to the vendor by the City, constitutes the functional equivalent of a decision by the City itself to violate the Constitution.

75.    As such, the City is liable to the plaintiffs herein since (a) its failure to act constituted deliberate indifference to the rights of victims, including the plaintiffs, (b) its failure to act constituted a tacit approval of the violations being carried out by Clutch Towing, (c) its failure to implement any policies or procedures to bring an end to such unconstitutional practices deprived vehicle owners, including the plaintiffs, of their rights to due process, and (d) its failure to implement supervision over Clutch Towing to bring an end to such practices deprived vehicle owners, including the plaintiffs, of their rights to due process.

**Monell Liability - Lack of Procedures to Afford Vehicle Owners Due Process**

76.    When NYC Police contact Clutch Towing and direct Clutch to seize a vehicle under the City's ROTOW program, the City has no procedures under which it provides due process to the owners of such vehicles.

77.    The City has no policy, practice, or procedure to provide the vehicle owner with prompt notice:

(a)    that their vehicle has been impounded at the direction of NYC police

13

(vehicle owners assume that their cars have been stolen, report it to the police, and then, after multiple telephone calls to the police, they ultimately learn that the police had directed their vehicle to be impounded);

(b)    who has possession of their vehicle, where the tow company, or their vehicle, is located;

(c)    how much the tow company is permitted to charge the vehicle owner for the tow and storage;

78.    The City has no policy, practice, or procedure to provide the vehicle owner with a prompt post-seizure hearing at which the vehicle owner is afforded an opportunity to challenge:

(a)    the amount that the tow company demands the vehicle owner pay, as a precondition to the release of the owner's vehicle;

(b)    the tow company's delay and release refusal tactics, whereby they intentionally delay the release of vehicles to enable them to charge more money for storage fees;

(c)    the tow company's refusal to provide receipts for payments.

79.    Nor does the City have any policy, practice, or procedure to provide the owner with prompt notice of their right to any such hearing.

**COUNT I**

**Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983**
**Deprivation of Property Without Due Process of Law**
**in Violation of the Fifth and Fourteenth Amendments**

**(Against All Defendants)**

80.    Plaintiffs reallege and incorporate herein by reference each of the foregoing allegations of the Complaint set forth herein above, with the same force and effect as if fully set forth at length herein.

14

81.    Prior to the City and Clutch Towing's involvement with the Vehicle, Plaintiffs held the duly recorded ownership interest in their Vehicle.

82.    At all times relevant to this action, Plaintiffs had the protected property rights to the use and possession of their Vehicle

83.    By seizing and detaining their Vehicle without providing any form of notice or opportunity for a hearing whereby Plaintiffs could protect their interests, the City, Clutch Towing, and Hassan each acted under color of state law to deprive the Plaintiffs of their protected property interests, without affording them due process, in violation of their rights under the Fifth and Fourteenth Amendments to the United States Constitution.

84.    The City, Clutch Towing, and Hassan acted under color of state law to deprive Plaintiffs of their interests in the Vehicle by imposing a lien for various fees on the Vehicle that would supposedly supersede Plaintiffs' ownership interests, and without providing notice of an opportunity for a hearing at which Plaintiffs could protect their interests from such supposed lien.

85.    The City, Clutch Towing, and Hassan's use of police power to seize Plaintiffs' property, and their subsequent reliance on that authority and state law to deprive Plaintiffs of their property rights in the Vehicle without pre-deprivation or post-deprivation notice and the opportunity for a hearing, violates the Due Process requirement of the Fifth and Fourteenth Amendments to the United States Constitution.

86.    As a direct and proximate result of the City, Clutch Towing, and Hassan's violation of Plaintiffs' rights to Due Process under the Fourteenth Amendment to the United States Constitution, Plaintiffs have suffered damages based upon the lost use of the Vehicle, the lost value of the Vehicle, and other damages.

87.     The failure by official City and Clutch Towing policymakers to properly train or supervise subordinates regarding the process due in conjunction with the seizure, detention, and assertion of charges and liens against vehicles, as made clear by numerous controlling court decisions (including decisions rendered against Clutch Towing itself), amounts to deliberate indifference to the rights of persons who have interests in vehicles seized, detained, charged, and lien-encumbered by the City and Clutch Towing.

88.     But for the City and Clutch Towing's deprivational policies, decisions, practices, and failures described above, the Plaintiffs would have had the right to recover, and would have recovered, the Vehicle without delay or with minimal delay by reason of measures that preserve legitimate governmental interests but are less intrusive than continued detention of the vehicle; without incurring liability for or loss due to towing and storage charges imposed ex parte; and without incurring liability for or loss due to further alleged storage charges continually accruing daily.

89.     In view of the foregoing, the Plaintiffs have been damaged and are entitled to obtain redress pursuant to 42 U.S.C. §1983.

90.     Plaintiffs are entitled to a monetary award for compensatory damages equal to the fair market rental value of the vehicle for the period they were denied possession of same, amounts equal to the amounts which the defendants extorted from them as a precondition to the release of their vehicle, related damages, and a money judgment for same, against all of the Defendants, jointly and severally.

91.     The Plaintiffs are additionally entitled to a monetary award for reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988, and a money judgment for same, against all of the Defendants, jointly and severally.

92.     Given the systematically egregious conduct by defendants Clutch Towing and Hassan, the plaintiffs are additionally entitled to an award of punitive damages against said defendants, and a monetary judgment for the same against defendants Clutch Towing and Hassan, jointly and severally.

## COUNT II

**New York Constitution Article I, Sec. 6 and Article I, Sec. 12**
**(Deprivation by Unreasonable Seizure)**
**(Deprivation of Property Without Due Process of Law)**

(Against All Defendants)

93.     Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

94.     The Defendants' actions, as indicated, violate the corresponding protection of the New York State Constitution set forth in Article I, Sections 6 and 12 herein.

95.     As a result of the defendants' actions, the plaintiffs have been damaged by the loss of the use and possession of their Vehicle and by the monies they were extorted to pay to secure the release of their Vehicle. Accordingly, the Plaintiffs are entitled to a monetary award for compensatory damages and a money judgment for the same against all of the Defendants, jointly and severally.

96.     The Plaintiffs are entitled to a monetary award for reasonable attorney's fees and costs, and a money judgment for same, against all of the Defendants, jointly and severally.

97.     Given the systematically egregious conduct by defendants Clutch Towing and Hassan, the plaintiffs are additionally entitled to an award of punitive damages against said

17

defendants, and a monetary judgment for the same against defendants Clutch Towing and Hassan, jointly and severally.

## COUNT III
### Declaratory Relief
### (Against All Defendants)

98.     Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint.

99.     An actual controversy has arisen and now exists between the Plaintiffs and the Defendants, warranting declaratory relief pursuant to 28 U.S.C. §2201.

100.    Plaintiffs seek a declaration that Due Process violations occurring by reason of the City, Clutch Towing, and Hassan's improper seizure and detention of the Vehicle are chargeable to the City, Clutch Towing, and Mohammed Hassan, jointly and severally.

101.    Plaintiffs seek a declaration that the conduct of the City, Clutch Towing, and Mohammed Hassan, as described above, violates the United States and New York State Constitutions.

102.    Plaintiffs seek a declaration that the Defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for all damages and attorney's fees suffered and incurred by Plaintiffs.

103.    The Plaintiffs are entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

104.    The Plaintiffs are entitled to a monetary award for reasonable attorney's fees and costs, and a money judgment for same, against all of the Defendants, jointly and severally.

## COUNT IV

### NEW YORK STATE GENERAL OBLIGATIONS LAW (GBL) §349
### (Against Clutch Towing and Mohammed Hassan)

105.    Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint with the same force and effect as if fully set forth at length herein.

106.    Clutch Towing's actions and tactics described herein above constitute unfair, deceptive, and abusive acts and practices within the meaning of New York General Business Law (GBL)Chapter 20, Article 22-A Section §349.

107.    The plaintiffs are empowered to seek legal redress, to obtain injunctive relief, to recover monetary damages, and attorney's fees against defendants Clutch Towing and Hassan, pursuant to GBL §349(h).

108.    The plaintiffs are entitled to an award of treble damages against said defendants pursuant to GBL §349(h)

109.    Clutch Towing and Mohammed Hassan have caused the plaintiffs to sustain damages, including, but not limited to, the fair market rental value of the Vehicle while it was impounded and detained, and the amounts the plaintiffs were extorted into paying to secure its release.

110.    Clutch Towing and Mohammed Hassan's actions warrant the recovery by Plaintiffs of their attorney fees pursuant to GBL 349(h), as well as punitive damages, as such conduct continues despite numerous Court decisions that condemn such conduct.

111.    The Plaintiffs are entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

19

112.    The Plaintiffs are entitled to a monetary award for reasonable attorney's fees and costs, and a money judgment for same, against all of the Defendants, jointly and severally.

## COUNT V

### NEW YORK STATE LAW - CONVERSION
**(Against Defendants Clutch Towing and Hassan)**

113.    Plaintiffs reallege and incorporate herein by reference each of the allegations set forth in the foregoing paragraphs of the complaint.

114.    Clutch Towing and Hassan exercised wrongful dominion and control over the Subject Vehicle by refusing to release it to Plaintiffs.

115.    Hassan directly controlled Clutch Towing's actions in converting the Subject Vehicle.

116.    Plaintiffs have suffered damages for loss of possession, use, and enjoyment of their property, and other actual damages as a result of Clutch Towing's and Hassan's conduct.

117.    Clutch Towing and Hassan's actions warrant punitive damages because such conduct persisted despite direct condemnation by state court authorities.

118.    The Plaintiffs are entitled to a monetary award for compensatory damages, and a money judgment for same, against all of the Defendants, jointly and severally.

119.    The Plaintiffs are entitled to a monetary award for reasonable attorney's fees and costs, and a money judgment for same, against all of the Defendants, jointly and severally.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, Justin L. Haynes and Tiffany Haynes, request that this Court grant judgment in their favor, as follows:

### COUNT ONE
### Against All Defendants

A.    a judgment in favor of the plaintiffs on all causes of action asserted in COUNT ONE of the complaint; and

B.    an award of compensatory damages, and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair rental market value of the plaintiffs' vehicle for the period of deprivation, recoupment of the monies which the plaintiffs expended to secure the release of their vehicle and such other damages as are proven at the time of trial plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

C.    An award of punitive damages against defendants Clutch Towing, Inc. and Mohammad Hassan, and a monetary judgment against said defendants, jointly and severally; and

D.    an award for reasonable attorney's fees and costs in favor of the plaintiffs pursuant to 42 U.S.C. §1988, and a monetary judgment against all of the defendants, jointly and severally, for the same, and

E.    such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

### COUNT TWO
### Against All Defendants

A.    a judgment in favor of the plaintiffs on all causes of action asserted in COUNT TWO of the complaint; and

B.    an award of compensatory damages, and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair rental market value of the plaintiffs' vehicle for the period of deprivation, recoupment of the monies which the plaintiffs expended to secure the release of their vehicle and such other damages as are proven at the time of trial plus interest at the legal rate of nine (9%) percent per annum,

21

from the date of seizure through the date of entry of judgment against the defendants; and

C.     An award of punitive damages against defendants Clutch Towing, Inc. and Mohammad Hassan, and a monetary judgment against said defendants, jointly and severally; and

D.     an award for reasonable attorney's fees and costs in favor of the plaintiffs, and a monetary judgment against all of the defendants, jointly and severally, for the same, and

E.     such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

## COUNT THREE
## Against All Defendants

A.     A declaratory judgment, adjudging and declaring the practices of the defendants to be Unconstitutional, and enjoining each of the defendants from continuing same, and declaring that the defendants are liable to Plaintiffs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for all damages and attorney's fees suffered and incurred by Plaintiffs; and

B.     an award of compensatory damages, and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair rental market value of the plaintiffs' vehicle for the period of deprivation, recoupment of the monies which the plaintiffs expended to secure the release of their vehicle and such other damages as are proven at the time of trial plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

C.     An award of punitive damages against defendants Clutch Towing, Inc. and Mohammad Hassan, and a monetary judgment against said defendants, jointly and severally; and

D.     an award for reasonable attorney's fees and costs in favor of the plaintiffs pursuant to 42 U.S.C. §1988, and a monetary judgment against all of the defendants, jointly and severally, for the same, and

E.     such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

22

**COUNT FOUR**
**Against Defendants Clutch Towing, Inc. and Mohammad Hassan**

A.    a judgment in favor of the plaintiffs on all causes of action asserted in COUNT FOUR of the complaint; and

B.    an award of compensatory damages, and treble damages pursuant to NY GBL §349(h), and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair rental market value of the plaintiffs' vehicle for the period of deprivation, recoupment of the monies which the plaintiffs expended to secure the release of their vehicle and such other damages as are proven at the time of trial plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

C.    An award of punitive damages against defendants Clutch Towing, Inc. and Mohammad Hassan, and a monetary judgment against said defendants, jointly and severally; and

D.    an award for reasonable attorney's fees and costs in favor of the plaintiffs pursuant to NY GBL 349(h), and a monetary judgment against all of the defendants, jointly and severally, for the same, and

E.    such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

**COUNT FIVE**
**Against Defendants Clutch Towing, Inc. and Mohammad Hassan**

A.    a judgment in favor of the plaintiffs on all causes of action asserted in COUNT FIVE of the complaint; and

B.    an award of compensatory damages, and a monetary judgment for same against all of the defendants, jointly and severally, equal to the fair rental market value of the plaintiffs' vehicle for the period of deprivation, recoupment of the monies which the plaintiffs expended to secure the release of their vehicle and such other damages as are proven at the time of trial plus interest at the legal rate of nine (9%) percent per annum, from the date of seizure through the date of entry of judgment against the defendants; and

23

C.     An award of punitive damages against defendants Clutch Towing, Inc. and Mohammad Hassan, and a monetary judgment against said defendants, jointly and severally; and

D.     an award for reasonable attorney's fees and costs in favor of the plaintiffs pursuant to 42 U.S.C. §1988, and a monetary judgment against all of the defendants, jointly and severally, for the same, and

E.     such other and different relief that the Court, in the exercise of its discretion, deems just and proper.

Dated: Merrick, New York
       June 22, 2026

CAMPANELLI & ASSOCIATES, P.C.


By: /s/ Andrew J. Campanelli
     Andrew J. Campanelli
     1757 Merrick Ave, Suite 204
     Merrick, NY 11566
     516-746-1600
     ajc@campanellipc.com
     *Counsel for Plaintiffs*